IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:11CR51–HEH |
| ) | Civil No. 3:13CV795–HEH |
| TERRENCE C. VAUGHAN, ) | |
| ) | |
| Petitioner. ) | |

MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Terrence C. Vaughan, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 48).[1] Vaughan contends that he received ineffective assistance of counsel[2] in conjunction with his guilty plea and appeal. Vaughan also argues that his sentence is unconstitutional. Specifically, Vaughan demands relief because:

| | |
|---|---|
| Claim One: | "That based on . . . *Alleyne v. U.S.*, Petitioner's sentence must be found as unconstitutional to the extent that firearm enhancement . . . now must be treated as elements of the offense, i.e., clearly charged in the indictment to be lawfully considered as part of plea agreement, U.S. Const. amend. 6th." (§ 2255 Mot. 4.) |
| Claim Two: | "Petitioner's guilty plea was not knowing/voluntarily entered and would have elected to proceed to trial except for counsel's misadvice, where actual plea agreement . . . did not include notice of "dangerous weapon" enhancement, . . . and |

---

[1] The Court employs the pagination assigned to Vaughan's submissions by the CM/ECF docketing system. The Court corrects the spelling, spacing, and punctuation in the quotations from Vaughan's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

>
> a denial of one point of [a] three point reduction . . . commonly given for acceptance of responsibility . . . ." (*Id.*; Mem. Supp. § 2255 Mot. 2, ECF No. 49.)

Claim Three: "Defense counsel was constitutionally ineffective due to his failure to contest the Government's "*breach of plea*," and his failure to raise the issue in the Court of Appeals; in violation of due process protections, U.S.C.A. 5th & 6th." (§ 2255 Mot. 4.)

Vaughan has also filed a motion for appointment of counsel (ECF No. 51), which will be denied. The Government has responded, asserting that Vaughan's claims lack merit. (ECF No. 55.) Vaughan has filed an "Affidavit in Support of Averments in Opposition to Summary Judgment," ("Reply," ECF No. 57). For the reasons set forth below, Vaughan's § 2255 Motion (ECF No. 48) will be denied.

## I. PROCEDURAL HISTORY

On February 22, 2011, a grand jury returned a two-count Indictment against Vaughan, charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride (Count One), and possession with the intent to distribute 500 grams or more of cocaine hydrochloride (Count Two). (Indictment 1–2, ECF No. 8.) On April 25, 2011, the Court denied Vaughan's motion to suppress. (ECF No. 17, at 2.) On May 9, 2011, Vaughan, through counsel, filed a Notice of Intent to Plead Guilty Pursuant to Rule 11(a)(2), indicating that he intended to enter a conditional plea to reserve his right to appeal the denial of his Motion to Suppress. (ECF No. 19.) On May 12, 2011, Vaughan entered into a Plea Agreement in which he agreed to plead guilty to Count One. (Plea Agreement ¶ 1, ECF No. 22.)

On August 12, 2011, the Court entered judgment against Vaughan and sentenced him to 120 months of incarceration. (J. 2, ECF No. 35.) Vaughan, through counsel, filed a Notice of Appeal. (ECF No. 37.) The United States Court of Appeals for the Fourth Circuit affirmed the denial of Vaughan's motion to suppress. *See United States v. Vaughan*, 700 F.3d 705, 712 (4th Cir. 2012).

## II. ANALYSIS

### A. *Alleyne* Claim

In Claim One, Vaughan argues that his sentence is unconstitutional because the two-point enhancement he received for possession of a dangerous weapon "served to aggregate potential exposure causing sentence increase of about 18 to 24 months." (Mem. Supp. § 2255 Mot. 9.) Vaughan argues that his sentence was imposed in violation of the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because possession of a dangerous weapon was not charged in the Indictment. (*Id.* at 8–9.) Vaughan further argues that *Alleyne* should be made retroactively applicable to his case. (*Id.* at 12–17.)

As background, Vaughan's Plea Agreement set forth that he was subject to a mandatory minimum sentence of five (5) years. (Plea Agreement ¶ 1.) In addition, his Pre-Sentence Investigation Report ("PSR") stated:

> [D]iscovered in the center console of the defendant's vehicle at the time of search was a new and loaded, Taurus handgun, Model PT740, serial number ST92141. The defendant informed law enforcement that he purchased the firearm on January 4, 2011, and had taken it to North Carolina "just cause." He indicated that he had never fired the gun and again stated that he "just had it with him."

3

> . . .
> For sentencing purposes . . . the defendant will receive an additional two-level enhancement for possessing a dangerous weapon, to wit: a Taurus handgun, Model PT740, serial number ST92141.

(PSR ¶¶ 15, 18, ECF No. 26.) With the two-level enhancement, Vaughan's Sentencing Guidelines range was 110 to 137 months of incarceration. (*Id.* ¶ 105.)

In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. However, contrary to Vaughan's assertions, although *Alleyne* did announce a new constitutional rule of criminal procedure, the rule is not retroactive on collateral review. *See Crayton v. United States*, No. 13-3548, __F.3d__, 2015 WL 3895767, at *1–2 (7th Cir. June 25, 2015) (citations omitted); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). Furthermore, even if *Alleyne* was retroactive on collateral review, Vaughan would not be entitled to relief, as the two-level enhancement had no effect on his mandatory minimum sentence. *Alleyne* "did not disturb judicial factfinding at sentencing for facts that do not impact the statutory punishment." *United States v. Mason*, 547 F. App'x 235, 236 (4th Cir. 2013). Moreover, in *Mason*, the Fourth Circuit rejected the very argument Vaughan now presents. *See id.* at 236–37 (noting that because the challenged sentencing enhancements affected "only the advisory Guidelines calculations and not the statutory mandatory minimum punishment," *Alleyne* would not apply). Accordingly, Claim One is meritless and will be dismissed.

### B. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral

proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22. No circumstances exist here that would lead the Court to consider Vaughan's prior sworn statements as other than truthful.

### 1. Involuntary Plea

In Claim Two, Vaughan asserts that his guilty plea was not knowingly and voluntarily entered because it was "the product of counsel's misadvice." (Mem. Supp. § 2255 Mot. 18.) He claims that counsel "encouraged [him] towards a guilty plea assuring him that he faced a maximum prison term of 10 yrs. or 120 months; but, that maximum sentence would be subject to downward departures by no less than three points for acceptance of responsibility . . . ." (*Id.*) Vaughan also asserts that "counsel failed to assert protections as against a possible two point increase in the base offense level, based upon what's termed 'dangerous weapon' enhancement." (*Id.* at 18–19.)

Vaughan's claim that his guilty plea was unknowingly and involuntarily entered based upon misadvice from counsel is belied by his Plea Agreement and the Rule 11 proceedings. In his Plea Agreement, Vaughan understood that he was facing a mandatory minimum sentence of five (5) years, and a maximum term of forty (40) years. (Plea Agreement ¶ 1.) He was satisfied that counsel had "rendered effective assistance." (*Id.* ¶ 4.) Vaughan understood that the Court could "impose any sentence within the statutory maximum . . . but that the Court w[ould] determine [his] actual sentence in accordance with Title 18, United States Code, Section 3553(a)." (*Id.* ¶ 5.) He further understood that "any estimate of the advisory sentencing range" he may have received was "a prediction, not a promise." (*Id.*)

During the Rule 11 proceedings, Vaughan confirmed that no one had promised him a specific sentence. (May 12, 2011 Tr. 10:9.) He understood that he was "taking [his] chances" by pleading guilty. (May 12, 2011 Tr. 10:10–12.) Vaughan understood that he faced a minimum of five (5) years of incarceration, and a maximum of forty (40) years. (May 12, 2011 Tr. 14–15.) Vaughan acknowledged that he and his counsel had discussed where his case "comes out" under the Sentencing Guidelines, and upon further explanation given by the Court, Vaughan confirmed that he understood how the Guidelines worked. (May 12, 2011 Tr. 15–17.) The Court reminded Vaughan that any advice counsel had given him regarding the Guidelines was "an educated estimate." (May 12, 2011 Tr. 17:22.) The Court also informed Vaughan that the Probation Officer who completed his PSR may "come up . . . with information that [counsel] didn't know

7

anything about that could affect your guidelines." (May 12, 2011 Tr. 18:3–5.) Vaughan acknowledged that he understood. (May 12, 2011 Tr. 18:11.) Given these statements, Vaughan's claim that his plea was involuntarily entered is "palpably incredible." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted) (citation omitted). Furthermore, because the Court essentially informed Vaughan that he could not rely upon any sentence estimate provided by counsel, Vaughan cannot demonstrate prejudice flowing from any misinformation from his counsel with respect to his sentence. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995).

Moreover, to the extent that Vaughan faults counsel for not challenging the two-level enhancement and the denial of the third point for acceptance of responsibility, he cannot demonstrate prejudice from such failure. At sentencing, counsel, on behalf of Vaughan, presented to the Court Vaughan's *pro se* objections to the PSR. (Aug. 12, 2011 Tr. 4:6–11.) In that document, Vaughan challenged the two-point enhancement as well as the denial of the third point for acceptance of responsibility. (Aug. 12, 2011 Tr. 4:12–17.) The Court informed Vaughan that it could only overrule the Government's decision if the third point was "improperly or illegally withheld." (Aug. 12, 2011 Tr. 6:23–24.) The Court noted that there were no grounds upon which to make such a finding. (Aug. 12, 2011 Tr. 7:4–5.) As to the two-point enhancement, the Court explained to Vaughan that the firearm "simply had to be in reasonable proximity that it can aid him in a drug trafficking activity." (Aug. 12, 2011 Tr. 8:3–4.) Counsel had explained to Vaughan that

8

the firearm was located in the vehicle's console. (Aug. 12, 2011 Tr. 7–8.) Therefore, the Court overruled Vaughan's objection. (Aug. 12, 2011 Tr. 8:11.)

Simply put, Vaughan has not demonstrated "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Indeed, Vaughan overlooks the fact that had he gone to trial, he would not have received *any* points for acceptance of responsibility and therefore would have faced a higher Sentencing Guidelines range. Accordingly, because Vaughan has failed to show either deficient performance or prejudice, Claim Two will be dismissed.

### 2. Failure to Raise Breach of Plea Agreement on Appeal

In Claim Three, Vaughan asserts that counsel was ineffective for failing to raise the Government's alleged breach of the Plea Agreement on appeal. (Mem. Supp. § 2255 Mot. 21.) Vaughan alleges that the Government breached the plea agreement by arguing in favor of the two-point enhancement for possession of a dangerous weapon, and for not moving for "one of three points generally given for acceptance of responsibility." (*Id.*)

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely

to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

As the Plea Agreement contained no guarantee with respect to the firearm enhancement or a third point for acceptance of responsibility, counsel wisely refrained from asserting that the Government had breached the Plea Agreement. Simply put, Vaughan has failed to show that the arguments he urges here were stronger than the argument presented on appeal. *See Bell*, 236 F.3d at 164. Moreover, Vaughan's Plea Agreement provided that he "waive[d] the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever." (Plea Agreement ¶ 6.) Vaughan only reserved the right to appeal the Court's denial of his motion to suppress. (*Id.*) He confirmed his understanding of that during the Rule 11 proceedings. (May 12, 2011 Tr. 9:19.) Even if counsel had raised these issues on appeal, they would have been barred as a result of Vaughan's appellate waiver. Accordingly, Vaughan has demonstrated neither deficient performance nor prejudice, and Claim Three will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Vaughan's § 2255 Motion (ECF No. 48) will be denied. Vaughan's motion for appointment of counsel (ECF No. 51) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Vaughan has not satisfied this standard. Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Vaughan and counsel of record.

It is so ORDERED.

                                             /s/
                              HENRY E. HUDSON
                              UNITED STATES DISTRICT JUDGE

Date: Sept. 17, 2015
Richmond, Virginia